**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 22-4403**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEVI MARTINEZ MOLINA, a/k/a Levi Martinez-Molina, a/k/a Levi Josue Martinez Molina, a/k/a Levi Molina Martinez, a/k/a Levi Josue Martinez, a/k/a Levi Martinez, a/k/a Levie Martinez-Molina, a/k/a Levi Martinez-Godina,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:20-cr-00487-NCT-1)

—————————

Submitted:  May 19, 2023                                    Decided:  June 7, 2023

—————————

Before NIEMEYER and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

—————————

**ON BRIEF:** George E. Crump, III, Rockingham, North Carolina, for Appellant. Veronica Lynn Edmisten, Assistant United States Attorney, Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levi Martinez Molina pleaded guilty pursuant to a written plea agreement to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; possession of a firearm by a convicted felon and illegal alien, in violation of 18 U.S.C. §§ 922(g)(1), (g)(5), 924(a)(2); and reentering the United States without authorization following his removal as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced Martinez Molina to 168 months' imprisonment followed by five years of supervised release, and he now appeals. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence imposed is substantively reasonable. Although informed of his right to do so, Martinez Molina has not filed a pro se supplemental brief. The Government has moved to dismiss Martinez Molina's appeal based on the appeal waiver contained in the plea agreement. We grant the Government's motion to dismiss in part, deny it in part, affirm Martinez Molina's convictions, and vacate the sentence and remand for resentencing.

We review the validity of an appeal waiver de novo, and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, we "consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotations marks omitted). Typically,

"if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Moreover, an appellate waiver does not preclude our review of the validity of the plea colloquy. *See id.* at 364. Because Martinez Molina did not move to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights by showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

When accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading, and the possible consequences of pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final

3

and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Our review of the Rule 11 hearing confirms that Martinez Molina's guilty plea was knowing and voluntary and that his appeal waiver is valid. The district court substantially complied with the requirements of Rule 11, ensuring that Martinez Molina was competent to plead guilty and was pleading guilty knowingly and voluntarily. Moreover, the court fully reviewed the appellate waiver at the Rule 11 hearing, and Martinez Molina averred that he understood and agreed to the waiver. In addition, the issue that Martinez Molina seeks to raise on appeal falls squarely within the scope of the valid waiver. We therefore grant the Government's motion to dismiss in part and dismiss all issues that fall within the scope of the waiver.

However, Martinez Molina's criminal judgment listed 13 standard conditions of supervised release that the district court did not orally pronounce or incorporate by reference to the conditions listed in the presentence report (PSR), any standing order, or the Sentencing Guidelines. Further, when announcing the one special condition of supervised release at the sentencing hearing, the district court did not mention that the condition required Martinez Molina to surrender to Immigration and Customs Enforcement within 72 hours of being placed on supervised release.

A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored

4

to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *United States v. Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been imposed on the defendant." 984 F.3d 341, 345 (4th Cir. 2021) (internal quotation marks omitted). In situations such as Martinez Molina's, where the district court fails to announce or otherwise incorporate the discretionary conditions of supervised release, the appropriate remedy is to vacate the entire sentence and remand for a full resentencing hearing. *See id.* at 346 & n.4. Therefore, we vacate Martinez Molina's sentence and remand for resentencing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We thus affirm Martinez Molina's convictions and dismiss the appeal as to any issues falling within the scope of the appeal waiver, but vacate his sentence and remand for resentencing. This court requires that counsel inform Martinez Molina, in writing, of the right to petition the Supreme Court of the United States for further review. If Martinez Molina requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martinez Molina.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*